**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **DANNY WAYNE OWENS and** | ) | |
| **BEVERLY ROSE OWENS, as** | ) | |
| **Co-Conservators of ZACHARY W. OWENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2:11-0033** |
| | ) | |
| **WILLIAM A. ANTHONY,** | ) | |
| **FLEET GLOBAL SERVICES, INC.,** | ) | **JURY TRIAL DEMAND** |
| **G.P. EXPRESS, INC., and C.H. ROBINSON** | ) | |
| **WORLDWIDE, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>AMENDED COMPLAINT</u>

COME NOW THE PLAINTIFFS, DANNY WAYNE OWENS and BEVERLY ROSE OWENS, as Co-Conservators of ZACHARY W. OWENS, by and through their attorneys, and file this Amended Complaint and allege as follows:

## <u>PARTIES</u>

1.      Plaintiffs Danny Wayne Owens and Beverly Rose Owens ("Plaintiffs") are the Court-Appointed Co-Conservators of their adult son, Zachary W. Owens ("Zachary Owens"). Zachary Owens is a disabled individual who is incapacitated and of unsound mind, and Plaintiffs bring this action on behalf of Zachary Owens in their capacity as his Co-Conservators. Plaintiffs and Zachary Owens reside in Carthage, Tennessee and are domiciliary and citizens of the State of Tennessee.

2.      Defendant William A. Anthony ("Defendant Anthony") is an individual who resides in Butler, Missouri, and for service purposes can be served at P.O. Box 482,

Butler, Missouri 64730. Defendant Anthony is a domiciliary and citizen of the State of Missouri.

3.     Defendant Fleet Global Services, Inc. ("Fleet Global"), is a corporation that has an address located at 101 Gatlin Avenue, Orlando, Florida 32806. Defendant Fleet Global is organized under the laws of the state of Florida, and its principal place of business is located in Florida. Fleet Global, therefore, is a citizen of the State of Florida.

4.     Defendant G.P. Express, Inc. ("G.P. Express"), is a corporation that has addresses in Fort Scott, Kansas and Grove, Oklahoma. Defendant G.P. Express is organized under the laws of the State of Kansas. G.P. Express, therefore, is a citizen of the State of Kansas.

5.     Defendant C.H. Robinson Worldwide, Inc. ("C.H. Robinson") is a corporation that has an address located at 380 Jackson Street, Suite 700, St. Paul, Minnesota, 55101. Defendant C.H. Robinson is organized under the laws of the state of Delaware, and its principal place of business is located in Minnesota. C.H. Robinson, therefore, is a citizen of the States of Delaware and Minnesota.

## JURISDICTION

6.     This case is brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship. Because Plaintiff is a citizen of Tennessee, Defendants are all citizens of Delaware, Florida, Kansas, Missouri, and/or Minnesota, and the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, diversity jurisdiction exists in this Honorable Court.

2

## BACKGROUND FACTS

7. On January 10, 2011, Zachary Owens was driving his vehicle eastbound on Interstate 40 in Smith County, Tennessee.

8. At all times relevant herein, Zachary Owens was free from any acts of negligence.

9. A tractor trailer, driven by Defendant Anthony, was simultaneously being driven westbound on Interstate 40 in Smith County, Tennessee.

10. The tractor trailer driven by Defendant Anthony was, at all relevant times, owned by Defendant Fleet Global (and United States Department of Transportation No. 878105 was displayed on the tractor trailer along with the Fleet Global logo).

11. The tractor trailer driven by Defendant Anthony also bore the logo of Defendant G.P. Express.

12. The bill of lading for the load being delivered by the tractor trailer driven by Defendant Anthony lists C.H. Robinson as the carrier.

13. Defendant Anthony drove the tractor trailer in a negligent, reckless, and unsafe manner, lost control of the tractor trailer, drove off of the westbound lanes, across the median and through the separating barrier, and crashed the tractor trailer into Zachary Owens' vehicle.

14. The responding law enforcement officer at the scene of the crash cited Defendant Anthony for violation of Tenn. Code Ann. § 55-8-123.

15. Plaintiffs are informed and believe, and based thereon allege, that at the time of the crash the Federal Motor Safety Administration ("FMSA") designated Fleet

Global on "Alert" status in its Motor Carrier Safety Measurement System with respect to the categories of "Unsafe Driving," "Fatigued Driving (Hours-of-Service)," "Driver Fitness," and "Vehicle Maintenance."

16.     Plaintiffs are informed and believe, and based thereon allege that at the time of the crash, Fleet Global had approximately 136 drivers.

17.     Plaintiffs are informed and believe, and based thereon allege that in the two years prior to the crash, motor carrier enforcement officers inspecting Fleet Global drivers/tractor trailers found unsafe driving violations at least 65 times.

18.     Plaintiffs are informed and believe, and based thereon allege that in the two years prior to the crash, motor carrier enforcement officers inspecting Fleet Global drivers/tractor trailers found fatigued driver (hours-of-service) violations at least 247 times.

19.     Plaintiffs are informed and believe, and based thereon allege that in the two years prior to the crash, motor carrier enforcement officers inspecting Fleet Global drivers/tractor trailers found driver fitness violations at least 13 times.

20.     Plaintiffs are informed and believe, and based thereon allege that in the two years prior to the crash, motor carrier enforcement officers inspecting Fleet Global drivers/tractor trailers found vehicle maintenance violations at least 355 times.

21.     Plaintiffs are informed and believe, and based thereon allege, that Defendants Fleet Global, G.P. Express, and C.H. Robinson at all times relevant herein were engaged in a joint venture, with an equal right to control the venture and an agreement among them to participate in a common enterprise for the purpose of commercially transporting freight in interstate commerce, and were acting within the

4

course and scope of said joint venture in furthering the business and duties of each other and are liable for the negligence and negligence *per se* of each other.

22. Plaintiffs are informed and believe, and based thereon allege, that Defendant C.H. Robinson arranged the place, date, and times of pickup and delivery, received the pickup and delivery addresses, communicated specific limitations and directions regarding the loading and unloading of the cargo, and provided the directions for the transport of the load to G.P. Express and/or Fleet Global and Anthony.

23. Plaintiffs are informed and believe, and based thereon allege, that Defendant C.H. Robinson enforced the above mentioned instructions and ensured their pickup and delivery schedule with a system of fines on Defendant Anthony.

24. Plaintiffs are informed and believe, and based thereon allege, that Defendant C.H. Robinson required Anthony to call C.H. Robinson when dispatched to pick up the load, when Anthony arrived at the pick up address, when Anthony checked the loaded trailer for the proper freight, during the transport of the load for status updates, and when there were any problems or issues that arose from the transport of the load, including automobile collisions.

25. Plaintiffs are informed and believe, and based thereon allege, that Defendants Fleet Global, G.P. Express, and C.H. Robinson at all times relevant herein were the agent, employer and/or statutory employer of each other and of Defendant Anthony, and were acting within the course and scope of said joint venture, agency, and/or employment in furthering the business and duties of each other and are vicariously liable for the negligence and negligence *per se* of each other.

26.     That at said date, time, and place, Defendant Anthony was at all times mentioned employed by the Defendant Fleet Global, and was their employee, statutory employee, and/or agent.

27.     That Defendant Anthony was acting within the course and scope of his employment and/or agency in furthering the business and duties of Defendant Fleet Global, and that Defendants Fleet Global, is vicariously liable for the negligence and negligence *per se* of Defendant Anthony.

28.     That at said date, time, and place, Defendant Anthony was at all times mentioned employed by the Defendant G.P. Express, and was their employee, statutory employee, and/or agent.

29.     That Defendant Anthony was acting within the course and scope of his employment and/or agency in furthering the business and duties of Defendant G.P. Express, and that Defendant G.P. Express, is vicariously liable for the negligence and negligence *per se* of Defendant Anthony.

30.     That at said date, time, and place, Defendant Anthony was at all times mentioned employed by the Defendant C.H. Robinson, and was their employee, statutory employee, and/or agent.

31.     Based on information and belief, that at said date, time, and place, Defendant C.H. Robinson had control over and took actions to direct the delivery of the load being hauled by the tractor trailer driven by Defendant Anthony, including without limitation selecting and dispatching Defendants Fleet Global, G.P. Express, and/or Anthony to haul the load, determining and monitoring delivery times and schedules, requiring that said defendants keep in contact with C.H. Robinson during the haul of the

load, establishing penalties for not meeting delivery times and schedules, and coordinating progress of delivery of the load.

32.     That Defendant Anthony was acting within the course and scope of his employment and/or agency in furthering the business and duties of Defendant C.H. Robinson, and that Defendant C.H. Robinson, is vicariously liable for the negligence and negligence *per se* of Defendant Anthony.

33.     That irrespective of the employment relationship, Defendant Fleet Global, G.P. Express, and/or C.H. Robinson are interstate motor carriers subject to Federal Motor Carrier Safety Administration Regulations and are, therefore, responsible for the acts of Defendant Anthony and/or each other.

34.     That irrespective of the employment relationship, in the alternative, Defendant C.H. Robinson is a broker of interstate motor carriers subject to Federal Motor Carrier Safety Administration Regulations and is, therefore, responsible for the acts of Defendants Fleet Global, G.P. Express, and/or Defendant Anthony.

35.     Pleading separate and in the alternative, that Defendant C.H. Robinson acted as a broker of the load being hauled by the tractor trailer driven by Defendant Anthony, and in that capacity selected, hired, and contracted with Defendants Fleet Global, G.P. Express and/or Anthony to haul the load.

36**.**     Defendant C.H. Robinson had a duty to reasonably investigate, monitor, train, and retain Defendants Anthony, Fleet Global, and/or G.P. Express with respect to safety issues, including without limitation those related to fatigued driving.

37.     As the direct, foreseeable, legal and proximate result of the collision and the negligence, negligence *per se* and recklessness of Defendants Anthony, Fleet Global,

7

G.P. Express and C.H. Robinson, Zachary Owens suffered severe damages, as more fully described herein below.

## **FIRST CAUSE OF ACTION**

### **(Common Law Negligence—Defendant Anthony)**

38.     Plaintiffs restate and incorporate by reference herein all allegations set forth above in Paragraphs 1-37.

39.     That Defendant Anthony is guilty of negligence for violating his duty of reasonable care, including in that he:

    (a)     Failed to maintain the vehicle he was operating under due and reasonable control;

    (b)     Failed to maintain a due and proper lookout ahead in the direction in which he was driving;

    (c)     Failed to sufficiently slow or stop his vehicle;

    (d)     Failed to properly and safely operate said vehicle at the time and place and failed to keep the same under due reasonable and proper control;

    (e)     Operated the tractor trailer while he was in a fatigued state; and,

    (f)     Any other common law act of negligence.

40.     Defendant Anthony's breach of his duty of reasonable care was the direct, foreseeable, legal, and proximate cause of the vehicle collision and resulting damages described herein.

## SECOND CAUSE OF ACTION

### (Statutory Negligence—Defendant Anthony)

41.     Plaintiffs restate and incorporate by reference herein all allegations set forth above in Paragraphs 1-40.

42.     Defendant Anthony had a duty to comply with and follow the statutes, regulations, ordinances, and other laws in effect and governing the use of motor vehicles, commercial vehicles, commercial carriers, interstate commerce, the public roadways, and other uses.

43.     The duties imposed by said statutes, regulations, ordinances, and other laws are for the benefit and/or protection of members of the public, including drivers on the public roadways, streets, highways and interstates.

44.     Zachary Owens is included within the class of persons intended to be benefited and/or protected by said statutes, regulations, ordinances and other laws.

45.     Defendant Anthony was guilty of negligence per se in that he acted or failed to act in violation of statutes, regulations, ordinances, and other laws as follows, the violation of which was the direct, foreseeable, legal and proximate cause of the collision and resulting damages described herein:

(a)     Failed to maintain his vehicle in a lane designated for traffic in violation of T.C.A. § 55-8-123;

(b)     Drove his vehicle on the wrong side of the roadway in violation of T.C.A. § 55-8-122 and 55-8-125;

(c)     Drove his vehicle through the median on a separated roadway in violation of T.C.A. § 55-8-125;

9

(d)    Failed to drive his vehicle on the right hand side of the roadway in violation of T.C.A. § 55-8-115;

(e)    Failed to exercise due care to avoid colliding with Plaintiff's vehicle including by his failure to operate his operate his vehicle at a safe speed, by failing to maintain a safe lookout, by failing to keep his vehicle under proper control, and/or by failing to devote full time and attention to operating his vehicle, in violation of T.C.A. § 55-8-136;

(f)    Turning from his direct line of travel without first seeing that the movement could be made in safety, and without giving a signal indicating his turn, in violation of T.C.A. § 55-8-143.

(g)    Failed to yield the right of way in violation of T.C.A. § 55-8-197

(h)    Drove his vehicle in a willful and wanton disregard for the safety of persons property in violation of T.C.A. § 55-10-205;

(i)    Drove a property-carrying commercial motor vehicle more than eleven cumulative hours in violation of 49 C.F.R. § 395.3(a)(1);

(j)    Made false reports in his driver's duty log book in violation of 49 C.F.R. § 395.8(e);

(k)    Drove a property-carrying commercial motor vehicle beyond fourteen hours after coming on duty following ten consecutive hours off duty in violation of 49 C.F.R. § 395.3(a)(2);

(l)    Drove a property-carrying commercial motor vehicle while his ability and alertness were impaired, through fatigue, as to make it

unsafe for him to operate the commercial motor vehicle in violation of 49 C.F.R. § 392.3;

(m) violated federal statutes and regulations by, among other things, driving an unsafe vehicle, driving in a fatigued and/or otherwise impaired state, and other acts in violation of 49 C.F.R. §§ 350 to 399.

(n) Any other violation of a federal or state statute, regulation, or ordinance.

## THIRD CAUSE OF ACTION

### (Common Law Negligence—Defendant Fleet Global)

46. Plaintiff restates and incorporates by reference herein all allegations set forth above in Paragraphs 1-45.

47. That, in addition to its vicarious liability, joint venture imputed liability, and/or agency liability, for the negligence of Defendants Anthony, G.P. Express and/or C.H. Robinson, Defendant Fleet Global is guilty of its own direct reckless and/or negligent actions and/or failures to act in breaching its duty of reasonable care (including reckless and/or negligent hiring, retention, investigation, and/or monitoring), including in that it:

(a) Failed to reasonably and properly investigate Defendant Anthony, including with respect to his safety record, driving logs, and fatigued/impaired driving issues prior to hiring him as a driver;

(b) Failed to reasonably and properly investigate G.P. Express and/or C.H. Robinson and their safety records prior to employing and/or entering into the joint venture with said defendants;

11

(c)    Failed to reasonably and properly investigate and/or monitor Defendant Anthony, including with respect to his safety record, driving logs, and fatigued/impaired driving issues, after hiring him as a driver;

(d)    Failed to reasonably and properly train Defendant Anthony with respect to safe driving, including with respect to maintaining his vehicle on the roadway, driving logs, and fatigued/impaired driving issues;

(e)    Failed to act reasonably and properly in advising and/or conducting the hiring and retaining of Defendant Anthony, and/or to adopt and enforce policies, procedures, and rules to ensure that Defendant Anthony had the experience, training and knowledge to safely operate a tractor trailer on the interstate highways;

(f)    Allowed and/or encouraged drivers, including Defendant Anthony, to operate its tractor trailers in a fatigued and/or otherwise impaired state;

(g)    Failed to maintain its tractor trailers in a safe condition, and allowed and/or encouraged drivers to drive said tractor trailers, including the tractor trailer driven by Defendant Anthony, on the Interstate Highways; and,

(h)    Any other common law act of negligence.

48.    Defendant Fleet Global's breach of its duty of reasonable care was the direct, foreseeable, legal, and proximate cause of the vehicle collision and resulting

damages described herein.

## FOURTH CAUSE OF ACTION

### (Statutory Negligence—Defendant Fleet Global)

49.     Plaintiff restates and incorporates by reference herein all allegations set forth above in Paragraphs 1-48.

50.     That, in addition to its vicarious liability, joint venture imputed liability, and/or agency liability for the statutory negligence of Defendants Anthony, G.P. Express and/or C.H. Robinson, Defendant Fleet Global, is guilty of its own direct negligence per se.

51.      Defendant Fleet Global had a duty to comply with and follow the statutes, regulations, ordinances, and other laws in effect and governing the use of motor vehicles, commercial vehicles, commercial carriers, interstate commerce, the public roadways, and other uses.

52.     The duties imposed by said statutes, regulations, ordinances, and other laws are for the benefit and/or protection of members of the public, including drivers on the public roadways, streets, highways and interstates.

53.     Zachary Owens is included within the class of persons intended to be benefited and/or protected by said statutes, regulations, ordinances and other laws.

54.     Defendant Fleet Global was guilty of negligence per se in that it acted or failed to act in violation of statutes, regulations, ordinances, and other laws as follows, the violation of which was the direct, foreseeable, legal and proximate cause of the collision and resulting damages described herein:

(a)    Violated, and had knowledge of and encouraged Defendant Anthony to drive a property-carrying commercial motor vehicle more than eleven hours in a twenty-four hour day in violation of 49 C.F.R. § 395.3(a)(1);

(b)    Violated, and had knowledge of and encouraged Defendant Anthony to drive a property-carrying commercial motor vehicle beyond fourteen hours after coming on duty following ten consecutive hours off duty in violation of 49 C.F.R. § 395.3(a)(2);

(c)    Violated, and had knowledge of and encouraged Defendant Anthony to make false reports in his driver's duty log book in violation of 49 C.F.R. § 395.8(e);

(d)    Violated, and had knowledge of and encouraged Defendant Anthony to drive a property-carrying commercial motor vehicle while his ability and alertness were impaired, through fatigue, as to make it unsafe for him to operate the commercial motor vehicle in violation of 49 C.F.R. § 392.3;

(e)    Failed to maintain adequate safety controls to ensure acceptable compliance with applicable safety requirements to reduce the risk associated with the use of fatigued drivers in violation of 49 C.F.R. § 385.5(a)(7);

(f)    Aided, abetted, encouraged, and/or required Defendant Anthony to violate Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. § 390.13;

    (g)    Failed to require observance of Federal Motor Carrier Safety Regulations that prescribed a duty or imposed a prohibition on Defendant Anthony in violation of 49 C.F.R. § 390.11;

    (h)    Violated, and had knowledge of and encouraged Defendant Anthony's violation of, state and federal statutes, regulations and ordinances, and was complicit in these violations, including but not limited to violating 49 C.F.R. §§ 350 to 399.

## FIFTH CAUSE OF ACTION

### (Common Law Negligence – Defendant G.P. Express)

55. Plaintiff restates and incorporates by reference herein all allegations set forth above in Paragraphs 1-54.

56. That, in addition to its vicarious liability, joint venture imputed liability and/or agency liability, for the negligence of Defendants Anthony, Fleet Global and/or C.H. Robinson, Defendant G.P. Express is guilty of its own direct reckless and/or negligent actions and/or failures to act in breaching its duty of reasonable care (including reckless and/or negligent hiring, retention, investigation, and/or monitoring), including in that it:

    (a)    Failed to reasonably and properly investigate Defendant Anthony, including with respect to his safety record, driving logs, and fatigued/impaired driving issues prior to hiring him as a driver;

    (b)    Failed to reasonably and properly investigate Fleet Global and/or C.H. Robinson and their safety records prior to employing and/or entering into the joint venture with said Defendants;

(c)    Failed to reasonably and properly investigate and/or monitor Defendant Anthony, including with respect to his safety record, driving logs, and fatigued/impaired driving issues, after hiring him as a driver;

(d)    Failed to reasonably and properly train Defendant Anthony with respect to safe driving, including with respect to maintaining his vehicle on the roadway, driving logs, and fatigued/impaired driving issues;

(e)    Failed to act reasonably and properly in advising and/or conducting the hiring and retaining of Defendant Anthony, and/or to adopt and enforce policies, procedures, and rules to ensure that Defendant Anthony had the experience, training and knowledge to safely operate a tractor trailer on the interstate highways;

(f)    Allowed and/or encouraged drivers, including Defendant Anthony, to operate its tractor trailers in a fatigued and/or otherwise impaired state;

(g)    Failed to maintain its tractor trailers in a safe condition, and allowed and/or encouraged drivers to drive said tractor trailers, including the tractor trailer driven by Defendant Anthony, on the Interstate Highways; and,

(h)    Any other common law act of negligence.

57.    Defendant G.P. Express's breach of its duty of reasonable care was the direct, foreseeable, legal, and proximate cause of the vehicle collision and resulting

damages described herein.

## SIXTH CAUSE OF ACTION

### (Statutory Negligence—Defendant G.P. Express)

58.     Plaintiff restates and incorporates by reference herein all allegations set forth above in Paragraphs 1-57.

59.     That, in addition to its vicarious liability, joint venture imputed liability, and/or agency liability for the statutory negligence of Defendants Anthony, Fleet Global and/or C.H. Robinson, Defendant G.P. Express is guilty of its own direct negligence per se.

60.     Defendant G.P. Express had a duty to comply with and follow the statutes, regulations, ordinances, and other laws in effect and governing the use of motor vehicles, commercial vehicles, commercial carriers, interstate commerce, the public roadways, and other uses.

61.     The duties imposed by said statutes, regulations, ordinances, and other laws are for the benefit and/or protection of members of the public, including drivers on the public roadways, streets, highways and interstates.

62.     Zachary Owens is included within the class of persons intended to be benefited and/or protected by said statutes, regulations, ordinances and other laws.

63.     Defendant G.P. Express was guilty of negligence per se in that it acted or failed to act in violation of statutes, regulations, ordinances, and other laws as follows, the violation of which was the direct, foreseeable, legal and proximate cause of the collision and resulting damages described herein:

(a)     Violated, and had knowledge of and encouraged Defendant Anthony to drive a property-carrying commercial motor vehicle more than eleven hours in a twenty-four hour day in violation of 49 C.F.R. § 395.3(a)(1);

(b)     Violated, and had knowledge of and encouraged Defendant Anthony to drive a property-carrying commercial motor vehicle beyond fourteen hours after coming on duty following ten consecutive hours off duty in violation of 49 C.F.R. § 395.3(a)(2);

(c)     Violated, and had knowledge of and encouraged Defendant Anthony to make false reports in his driver's duty log book in violation of 49 C.F.R. § 395.8(e);

(d)     Violated, and had knowledge of and encouraged Defendant Anthony to drive a property-carrying commercial motor vehicle while his ability and alertness were impaired, through fatigue, as to make it unsafe for him to operate the commercial motor vehicle in violation of 49 C.F.R. § 392.3;

(e)     Failed to maintain adequate safety controls to ensure acceptable compliance with applicable safety requirements to reduce the risk associated with the use of fatigued drivers in violation of 49 C.F.R. § 385.5(a)(7);

(f)     Aided, abetted, encouraged, and/or required Defendant Anthony to violate Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. § 390.13;

(g)     Failed to require observance of Federal Motor Carrier Safety Regulations that prescribed a duty or imposed a prohibition on Defendant Anthony in violation of 49 C.F.R. § 390.11;

(h)     Violated, and had knowledge of and encouraged Defendant Anthony's violation of, state and federal statutes, regulations and ordinances, and was complicit in these violations, including but not limited to violating 49 C.F.R. §§ 350 to 399.

## SEVENTH CAUSE OF ACTION

### (Common Law Negligence—Defendant C.H. Robinson)

64.     Plaintiff restates and incorporates by reference herein all allegations set forth above in Paragraphs 1-63.

65.     That, in addition to its vicarious liability, joint venture imputed liability and/or agency liability, for the negligence of Defendants Anthony, Fleet Global and/or G.P. Express, Defendant C.H. Robinson is guilty of its own direct reckless and/or negligent actions and/or failures to act in breaching its duty of reasonable care (including reckless and/or negligent hiring, retention, investigation, and/or monitoring), including in that it:

(a)     Failed to reasonably and properly investigate Defendant Anthony, including with respect to his safety record, driving logs, and fatigued/impaired driving issues prior to hiring him as a driver;

(b)     Failed to reasonably and properly investigate Fleet Global and/or G.P. Express, including with respect to their safety records, driving logs, and fatigued/impaired driving issues prior to employing and/or entering into the joint venture with said Defendants;

(c)     Failed to reasonably and properly investigate and/or monitor Defendant Anthony, including with respect to his safety record, driving logs, and fatigued/impaired driving issues, after hiring him as a driver;

(d)     Failed to reasonably and properly investigate and/or monitor Defendant Fleet Global and/or G.P. Express, including with respect to its safety record, driving logs, and fatigued/impaired driving issues, prior to and/or after entering into the joint venture with Fleet Global and/or G.P. Express and/or hiring Fleet Global and/or G.P. Express as the carrier;

(e)     Failed to reasonably and properly train Defendant Anthony with respect to safe driving, including with respect to maintaining his vehicle on the roadway, driving logs, and fatigued/impaired driving issues;

(f)     Failed to reasonably and properly train Defendants Fleet Global and/or G.P. Express with respect to safe driving, including with respect to maintaining vehicles on the roadway, driving logs, and fatigued/impaired driving issues;

(g)     Failed to act reasonably and properly in advising and/or conducting the hiring and retaining of Defendants Anthony, Fleet Global, and/or G.P. Express, and/or to adopt and enforce policies, procedures, and rules to ensure that Defendants Anthony, Fleet Global, and/or G.P. Express had the experience, training and

knowledge to safely operate a tractor trailer on the interstate highways;

(h)     Failed to act reasonably and properly in retaining Defendants Fleet Global and/or G.P. Express as carriers to whom they brokered loads in interstate commerce, and/or to adopt and enforce policies, procedures, and rules to ensure that Defendants Fleet Global, G.P. Express, and their drivers had the experience, training and knowledge to safely operate tractor trailers on the interstate highways;

(i)     Allowed and/or encouraged carriers, including Fleet Global and/or G.P. Express, and drivers, including Defendant Anthony, to operate tractor trailers in a fatigued and/or otherwise impaired state;

(j)     Failed to maintain tractor trailers in a safe condition, and allowed and/or encouraged drivers to drive said tractor trailers, including the tractor trailer driven by Defendant Anthony, on the Interstate Highways; and,

(k)     Any other common law act of negligence.

66.     Defendant C.H. Robinson's breach of its duty of reasonable care was the direct, foreseeable, legal, and proximate cause of the vehicle collision and resulting damages described herein.

## EIGHTH CAUSE OF ACTION

### (Statutory Negligence—Defendant C.H. Robinson)

67.     Plaintiff restates and incorporates by reference herein all allegations set forth above in Paragraphs 1-66.

68.     That, in addition to its vicarious liability, joint venture imputed liability, and/or agency liability for the statutory negligence of Defendants Anthony, Fleet Global and/or G.P. Express, Defendant C.H. Robinson is guilty of its own direct negligence per se.

69.     Defendant C.H. Robinson had a duty to comply with and follow the statutes, regulations, ordinances, and other laws in effect and governing the use of motor vehicles, commercial vehicles, commercial carriers, interstate commerce, the public roadways, and other uses.

70.     The duties imposed by said statutes, regulations, ordinances, and other laws are for the benefit and/or protection of members of the public, including drivers on the public roadways, streets, highways and interstates.

71.     Zachary Owens is included within the class of persons intended to be benefited and/or protected by said statutes, regulations, ordinances and other laws.

72.     Defendant C.H. Robinson was guilty of negligence per se in that it acted or failed to act in violation of statutes, regulations, ordinances, and other laws as follows, the violation of which was the direct, foreseeable, legal and proximate cause of the collision and resulting damages described herein:

> (a)     Violated, and had knowledge of and encouraged Defendant
>          Anthony to drive a property-carrying commercial motor vehicle

more than eleven hours in a twenty-four hour day in violation of 49 C.F.R. § 395.3(a)(1);

(b)    Violated, and had knowledge of and encouraged Defendant Anthony to drive a property-carrying commercial motor vehicle beyond fourteen hours after coming on duty following ten consecutive hours off duty in violation of 49 C.F.R. § 395.3(a)(2);

(c)    Violated, and had knowledge of and encouraged Defendant Anthony to make false reports in his driver's duty log book in violation of 49 C.F.R. § 395.8(e);

(d)    Violated, and had knowledge of and encouraged Defendant Anthony to drive a property-carrying commercial motor vehicle while his ability and alertness were impaired, through fatigue, as to make it unsafe for him to operate the commercial motor vehicle in violation of 49 C.F.R. § 392.3;

(e)    Failed to maintain adequate safety controls to ensure acceptable compliance with applicable safety requirements to reduce the risk associated with the use of fatigued drivers in violation of 49 C.F.R. § 385.5(a)(7);

(f)    Aided, abetted, encouraged, and/or required Defendants Anthony, Fleet Global, and/or G.P. Express to violate Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. § 390.13;

(g)    Failed to require observance of Federal Motor Carrier Safety Regulations that prescribed a duty or imposed a prohibition on

Defendants Anthony, Fleet Global, and/or G.P. Express in violation of 49 C.F.R. § 390.11;

(h)     Violated, and had knowledge of and encouraged Defendant Anthony, Fleet Global, and/or G.P. Express' violation of, state and federal statutes, regulations and ordinances, and was complicit in these violations, including but not limited to violating 49 C.F.R. §§ 350 to 399.

## DAMAGES OF PLAINTIFFS

73.     As the sole, direct, foreseeable, legal and proximate result of the carelessness, recklessness, malice, negligence, and/or negligence per se of the Defendants, as described above, Zachary Owens was damaged as follows:

(a)     He sustained serious and painful personal injuries resulting in past and future physical pain and mental suffering;

(b)     He has incurred medical bills and will incur future medical bills, and he has incurred transportation expenses related thereto;

(c)     He has suffered, and will continue to suffer in the future, loss of enjoyment of life;

(d)     He sustained lost earnings and lost earning capacity; and,

(e)     He sustained property damages to his vehicle, repair costs, depreciation, loss of use, storage costs and other expenses; and

(e)     Such other damages as Zachary Owens may have sustained which were proximately caused by the collision, carelessness,

recklessness, negligence and/or negligence per se herein above described.

## PUNITIVE DAMAGES

74.     Plaintiff restates and incorporates by reference herein all allegations set forth above in Paragraphs 1-73.

75.     The vehicle collision and resulting damages described herein were a direct, foreseeable, legal and proximate result of Defendants Anthony, Fleet Global, G.P. Express, and C.H. Robinson's reckless and malicious acts and/or omissions, and entitle Plaintiffs to an award of punitive damages.

76.     The actions on behalf of the Defendant Anthony were reckless and/or malicious, and Plaintiffs are entitled to punitive damages as a result.

77.     The actions on behalf of the Defendant Fleet Global were reckless and/or malicious, and Plaintiffs are entitled to punitive damages as a result.

78.     The actions on behalf of the Defendant G.P. Express were reckless and/or malicious, and Plaintiffs are entitled to punitive damages as a result.

79.     The actions on behalf of the Defendant C.H. Robinson were reckless and/or malicious, and Plaintiffs are entitled to punitive damages as a result.

## DEMAND

**WHEREFORE**, the Plaintiffs pray unto the court that they have and recover judgment against the Defendants as follows:

1.     That the Defendants be served with process and be required to answer within the time prescribed by law;

25

2.      For damages awarded to the Plaintiffs for past and future medical

expenses, past and future pain and suffering, past and present lost

wages and lost earning capacity, past and present loss of

enjoyment of life, and other expenses in a reasonable amount in

excess of $75,000.00 to be determined by the jury;

3.      For property damage, depreciation, loss of use and repair cost;

4.      For an award of punitive damages against Defendants in a

reasonable amount to be determined by the jury;

5.      That a jury of six (6) be impaneled to try this cause; and

6.      For both pre-judgment and post-judgment interest along with the

costs of this action.

7.      For such other and further relief as to which the Court may deem

just and proper.


Respectfully submitted,

**LANNOM & WILLIAMS, PLLC**


_____/s/ B. Keith Williams_____
B. Keith Williams, #16339
James R. Stocks, #25850
Attorney for Plaintiff
137 Public Square
Lebanon, Tennessee  37087
(615) 444-2900

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___ day of _____, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

R. Dale Bay
Mary Beth Haltom
LEWIS, KING, KRIEG & WALDROP, P.C.
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN  37219-8615


_____/s B. KeithWilliams_____
B. Keith Williams