UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

DANNY WAYNE OWENS and              )
BEVERLY ROSE OWENS as Co-          )
Conservators of ZACHARY W. OWENS,  )
                                   )
          Plaintiffs               )    No. 2:11-0033
                                   )    Judge Campbell/Brown
v.                                 )    **Jury Demand**
                                   )
WILLIAM A. ANTHONY, *et al.,*      )
                                   )
          Defendants               )

**O R D E R**

Presently pending in this matter is a motion to compel (Docket Entry 63) to which a response has been filed (Docket Entry 65).

This motion is **GRANTED** in part and **DENIED** in part.

The Magistrate Judge had viewed this as a relatively straightforward, but tragic, automobile accident. Unfortunately, the discovery dispute has produced a 31-page motion to compel and a 17-page response. A good deal of this material is computer boilerplate, which repeats the same thing over and over again. Unfortunately, the Magistrate Judge has to read through it to see if there might be a new grain of sand on this beach of verbiage. Discovery is relatively broad in federal court. However, it is not without limits, and at some point the expense outweighs the benefit. This limit is not always clear and obviously the parties have different views on it.

One suggestion that has been made by some economists is that where the requesting party bears at least some of the cost of production the amount of material requested drops significantly. While this approach has some appeal to the Magistrate Judge, it need not be utilized at this time.

While the Magistrate Judge understands that the Plaintiff is attempting to show a relationship among the Defendants, and a degree of culpability on the Defendant C.H. Robinson (Robinson), the Magistrate Judge believes that for the most part the Plaintiffs are seeking information which is of extremely marginal relevancy, if relevant at all, and that the cost and burden far outweigh the benefit. For example, the Defendant Robinson advise that they had over 3,000 contracts in the last three years with Global Services and have more than 40,000 carriers under contract. The Plaintiffs' request for all documents concerning this amount of material is, in the Magistrate Judge's view, unreasonable and burdensome.

The Plaintiff does seek information about what safety checks Defendant Robinson makes of the employed carriers in its broker capacity to transport cargo. The Magistrate Judge believes that Defendant Robinson should specifically provide what information it has concerning the safety record of William Anthony, Fleet Global Services, and G.P. Express for the past three years. If the information is simply reports they have retrieved from the various federal agencies, they should say so and provide the

reports.  The Magistrate Judge does not believe that they need to produce the records they have with carriers not involved with this load.

In connection with the safety records, the Magistrate Judge believes that a more reasonable request would be for any complaints Robinson has received from anyone concerning any safety issues with any of the Co-Defendants.

The Magistrate Judge would consider information of this type to be reasonably related to the claims and defenses in this matter and should be provided.

The Defendants should provide the names of individuals within the company that it uses to monitor complaints about safety, to include any reports of accidents that they maintain involving the Co-Defendants.  Again, this type of information appears to the Magistrate Judge to be relevant to the Plaintiffs' claims and should not be unduly burdensome to the Defendants.

In order to prepare for a Rule 30(b)(6) examination, Defendant Robinson should provide the names of individuals who are responsible for securing information about the Co-Defendants and the procedure by which they check whether the carriers and drivers are eligible or not.

At a Rule 30(b)(6) examination Plaintiff is certainly free to inquire about the practices and procedures for checking on carriers and how they handle any complaints involving the safety or

accident reports by their carrier.  For example, if a carrier has
an accident, how is it treated insofar as continuing to employ that
carrier.  Again, this seems to be information that should be
available without undue expense and is relevant to the issues in
this case.

The Defendants indicate that they have provided the
insurance coverage in this matter.  If the insurance coverage has
any limitations as to the safety or other requirements for carriers
they employ, the Defendants should provide this information.
However, it would be unduly burdensome to require them to provide
all applications for insurance for all contracts.

Finally, the Magistrate Judge notes that the Plaintiff
has requested, in Request 108, all electronic correspondence
between C.H. Robinson and Fleet Global, and G.P. Express for a
three-year period of time prior to the accident and for one year
following the accident.  They follow this up in Request 109 for all
correspondence between Defendant Fleet Global and/or G.P. Express
without any limitations whatsoever.  All correspondence would
include electronic correspondence.  Again, this typical of an
overly-broad request which would be extremely burdensome and, in
all likelihood, produce no relevant information beyond what has
been provided about this tragic accident.

Communications regarding this accident and contracts have
been provided, and the Magistrate Judge believes that providing any

information concerning complaints about the safety or other accidents that have been reported to C.H. Robinson about any of the other Co-Defendants is sufficient.

It is the Magistrate Judge's view that well-tailored relevant interrogatories and requests for production should be answered succinctly without the usual boilerplate objections. Unfortunately, counsel today seem to have locked into their word processors an ever-expanding set of requests and opposing counsel have locked into their word processors ever-expanding objections. It never ceases to amaze the Magistrate Judge when objections are expressed in the terms that it is irrelevant, immaterial, burdensome, but not withstanding, the above litany of objections, there are no such records. When objections are made that the request is burdensome, there should be some specific meat put on that objection. In this case, in their response the Defendants finally put some meat on their burdensome objections by pointing out they have approximately 40,000 carriers under contract and had close to 3,000 contracts in the three-year period with Robinson. This constitutes some meat. Simply saying it is burdensome is of no value.

As the Magistrate Judge previously expressed in Docket Entry 67 the Defendant Robinson should provide information on safety programs dealing with the carriers that it contracts, but that it need not provide its overall expenditures.

It is so ORDERED.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge