IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANNY WAYNE OWENS, et al.            )
                                      )
v.                                    ) NO. 2-11-0033
                                      ) JUDGE CAMPBELL
WILLIAM A. ANTHONY, et al.            )

MEMORANDUM

Pending before the Court is Defendant Robinson's Motion for Summary Judgment (Docket No. 80) For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part as set forth herein. Plaintiffs' claims for agency, joint venture, and statutory negligence are DISMISSED.

FACTS

This case arises from a motor vehicle wreck in which a tractor-trailer driven by Defendant Anthony crashed into a vehicle driven by Zachary Owens, causing severe personal injuries to Mr. Owens. Plaintiffs, co-conservators for Zachary Owens, have alleged that Defendant C.H. Robinson was negligent in its selection, hiring and retention of Defendant Fleet Global Services, Inc. as the carrier for the load involved in this collision.

Plaintiffs have conceded that their claims of agency or joint venture should be dismissed, Docket No. 93, p. 2, so those claims are DISMISSED. Moreover, because they failed to respond to Defendant's Motion with regard to Plaintiffs' statutory negligence claim, that claim also is DISMISSED.

Defendant Robinson argues that Plaintiffs have no evidence to support their remaining claim for negligent hiring. Defendant also contends that the comprehensive federal statutory and regulatory scheme pertaining to motor carrier safety preempts Plaintiffs' claims against Robinson.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## NEGLIGENCE

Tennessee courts recognize a cause of action for the negligence of an employer in the selection and retention of employees and independent contractors. *Doe v. Catholic Bishop for Diocese of Memphis*, 306 S.W.3d 712, 717 (Tenn. Ct. App. 2008). A plaintiff in Tennessee may

recover for negligent hiring if he establishes, in addition to the elements of a negligence claim, that the employer had knowledge of the employee's or independent contractor's unfitness for the job. *Id*.; *Holt v. Macy's Retail Holdings, Inc.*, 719 F.Supp. 2d 903, 917 (W.D. Tenn. 2010); *Brown v. Mapco Express, Inc.*, 2012 WL 3590379 at * 5 (Tenn. Ct. App. Aug. 22, 2012).

To establish the elements of a negligence claim, Plaintiff must show (1) a legally recognized duty owed by Defendant to the Plaintiff; (2) Defendant's breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) legal cause. *Holt* at 917. "Negligence is ordinarily an issue to be decided by a jury and can be withdrawn from the jury only in those cases where the facts are established by evidence free from conflict and the inference from the facts is so certain that all reasonable minds must agree." *Williams v. Brown*, 860 S.W.2d 854, 857 (Tenn. 1993).

Defendant argues that Plaintiffs have no admissible evidence concerning duty and breach of duty in this case. In light of the Court's contemporaneous ruling on Defendant's Motion to Exclude Plaintiffs' Expert, the Court finds that Plaintiffs have at least established a disputed material fact as to what duty, if any, Defendant Robinson owed to Plaintiffs in this case and whether Robinson breached that duty. The jury will judge the credibility and accuracy of the experts' testimony at trial.

It is undisputed that Plaintiffs suffered injury as a result of this collision.

In determining causation in fact, it is not necessary that Defendant's act be the *sole* cause of Plaintiff's injury, only that it be *a* cause. *Wilson v. Americare Systems, Inc.*, __ S.W.3d __, 2013 WL 658078 at * 5 (Tenn. Feb. 25, 2013). To establish proximate cause, Plaintiff must demonstrate that (1) Defendant's conduct was a substantial factor in bringing about the harm complained of, (2) there is no rule or policy that should relieve Defendant from liability because of the manner in which

3

the negligence has resulted in the harm, and (3) the harm giving rise to the action could have reasonably been foreseen or anticipated by a person of ordinary intelligence and prudence. *Id*. at *5-*6.

In other words, Plaintiffs must at least create genuine issues of material fact as to whether Defendant Robinson's alleged negligence was a cause in fact of this collision, was a substantial factor in bringing about Plaintiffs' harm, and that Plaintiffs' harm was reasonably foreseeable to a person of ordinary intelligence and prudence.

It is well established that cause in fact and proximate cause are ordinarily jury questions unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome. *Wilson* at * 6; *Hale v. Ostrow*, 166 S.W.3d 713, 718 (Tenn. 2005). While the causation element is not particularly strong in this case, the Court finds that Plaintiffs have proffered enough evidence to survive summary judgment. Although somewhat attenuated, a reasonable person could find that Defendant was negligent in selecting a carrier and that Defendant's negligence resulted in the hiring of an unsafe company with an unsafe driver whose carelessness caused this collision.

Finally, to establish a claim for negligent hiring, Plaintiffs must demonstrate that Defendant knew or should have known of the carrier's unfitness for the job. For one to be held liable for negligence in the hiring of an independent contractor based upon the theory of the contractor's incompetence, it must be shown that the employer either knew, or by the exercise of reasonable care might have ascertained, that the independent contractor was not qualified to perform the work for which he was contracted. *Marshall's of Nashville, Tenn., Inc. v. Harding Mall Assoc., Ltd.*, 799

4

S.W.2d 239, 243 (Tenn.Ct. App. 1990) (*cited in Pace v. K-Mart Corp.*, 1994 WL 589507 at * 3 (6th Cir. Oct. 25, 1994)); *see also Allen v. Sulcer*, 255 S.W.3d 51, 58, n.5 (Tenn. Ct. App. 2007).

As with the issues of duty and breach of duty, whether Defendant knew or should have known of the alleged safety issues concerning this carrier will be the subject of competing expert testimony at trial. The jury will determine which testimony to believe, in whole or in part, and whether Plaintiffs have established negligent hiring.

For all these reasons, Defendant's Motion for Summary Judgment on Plaintiffs' negligence claims is DENIED.

## PREEMPTION

Defendant argues, for the second time, that Plaintiffs' claims are preempted by the federal statutory and regulatory scheme which governs motor carrier safety. For the reasons stated in the Court's prior opinion (Docket No. 45), Defendant's Motion for Summary Judgment based on preemption is DENIED.

## PUNITIVE DAMAGES

Defendant maintains that the evidence in this case does not support a claim for punitive damages. In order to be entitled to punitive damages, a plaintiff must show, by clear and convincing evidence, that the defendant has acted either (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992); *Zaire v. Roshan-Far,* 2012 WL 1965606 (Tenn. Ct. App. May 31, 2012).

Plaintiffs' claims of negligence do not allege intentional, fraudulent or malicious behavior. With regard to recklessness, however, although the Court finds that evidence on the issue of punitive

damages is not particularly strong, the jury will have to determine whether Defendant's behavior merits punitive damages.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 80) is GRANTED in part and DENIED in part. Plaintiffs' claims for agency, joint venture, and statutory negligence are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE